UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ANDREW NOVELOZO,<br><br>  Plaintiff,<br><br>  v.<br><br>PORT OF SEATTLE, STEVE METRUCK, KATIE GERARD, THERESA CUMMINS, DAN FITZGERALD, SANDERS MAYO, GREG GAUTHIER, and DELMAS WHITTIKER,<br><br>  Defendants. | CASE NO. 2:25-cv-111-JNW<br><br>ORDER |

This matter comes before the Court on Plaintiff Jacob Andrew Novelozo's motion for leave to amend. Dkt. No. 11. Proceeding pro se, Novelozo filed a complaint on January 16, 2025. Dkt. No. 1. A few days later, on January 22, 2025, Novelozo filed an Amended Complaint. Dkt. No. 4. Defendant Port of Seattle moved to dismiss the Amended Complaint for failure to state a claim. Dkt. No. 10. In response, Novelozo argues that the Court should defer ruling on the motion to dismiss and instead allow him to file a Second Amended Complaint because he inadvertently omitted several sections of his complaint when filing the First

ORDER - 1

Amended Complaint. Dkt. No. 11 at 2. Although the Port of Seattle maintains that the First Amended Complaint fails to state a claim, it does not oppose Novelozo's request for leave to file a Second Amended Complaint. Dkt. No. 13 at 1–2.

Courts "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, courts generally grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Here, there is no evidence of bad faith, and the Port of Seattle raises no claim of prejudice. Thus, the Court finds no reason to deny Novelozo's request to file his proposed Second Amended Complaint.

Generally, "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). "'Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.'" *Dahlstrom v. Life Care Centers of Am., Inc.*, No. 2:21-CV-01465-JHC, 2022 WL 7631419, at *1 (W.D. Wash. Oct. 13, 2022) (quoting *Bisson v. Bank of Am., N.A.*, No. C12-0995-JLR, 2012 WL 5866309,

at *1 (W.D. Wash. Nov. 16, 2012)). Because Novelozo's Second Amended Complaint will supersede the first, the Port of Seattle's motion to dismiss is now moot.

Accordingly, the Court GRANTS Novelozo's motion for leave to amend, Dkt. No. 11, and ORDERS him to file his proposed Second Amended Complaint within 21 days of the date of this Order. The Court also STRIKES as moot the Port of Seattle's motion to dismiss. Dkt. No. 10. The Port of Seattle may refile its motion to dismiss, but only if it is directed at the Second Amended Complaint.

Dated this 9th day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3