UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ANDREW NOVELOZO, | CASE NO. 2:25-cv-111-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| PORT OF SEATTLE et al., | |
| Defendants. | |

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. No. 42. Having reviewed the motion, the response, Dkt. No. 44, the reply, Dkt. No. 45, and all other supporting materials, the Court GRANTS the Motion and DISMISSES Novelozo's claims WITH PREJUDICE.

## 1.   BACKGROUND

Pro se Plaintiff Jacob Novelozo lost his job as a maritime carpenter with Defendant Port of Seattle after he refused to comply with the Port's COVID-19 vaccination policy.[1]

---

[1] The Court incorporates the background facts set forth in the August 18, 2025, dismissal order, *see* Dkt. No. 38 at 2–6, and does not repeat them here.

DISMISSAL ORDER - 1

On August 18, 2025, U.S. District Judge Marsha Pechman dismissed Novelozo's Title VII claim against the Port for failure to exhaust the EEOC's administrative process before suing it in federal court. Dkt. No. 38 at 19 (citing *Fort Bend Cnty., Texas v. Davis*, 487 U.S. 541, 549 (2019)). Judge Pechman granted Novelozo leave to amend his Title VII claim "in an effort to include sufficient allegations to support the claim." *Id.* But the court denied him leave to add a Washington Law Against Discrimination ("WLAD") claim to his amended complaint, concluding it was time barred under the statute of limitations. Dkt. No. 38 at 20–21.

Novelozo then filed his Third Amended Complaint ("TAC") on September 17, 2025, alleging that the Port failed to accommodate his religion in violation of (1) Title VII, 42 U.S.C. § 2000e, and (2)the WLAD, RCW 49.60.180. Dkt. No. 41 ¶¶ 22–32. The Port moves to dismiss both claims. Dkt. No. 42.

## 2.  DISCUSSION

### 2.1    Legal standard.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded allegations of material fact as true. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to

DISMISSAL ORDER - 2

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**2.2    Novelozo's WLAD claim remains time barred.**

Novelozo was previously denied leave to add a WLAD claim. Dkt. No. 38 at 20. This alone forecloses Novelozo's WLAD claim. But even setting the order aside, his WLAD claim remains time barred.

A three-year statute of limitations applies to the WLAD claim. *See Antonius v. King Cnty.*, 103 P.3d 729, 732 (Wash. 2004). This period may be extended by 60 days when, as here, the plaintiff must exhaust their state tort administrative remedies. *See Castro v. Stanwood Sch. Dist. No. 401*, 86 P.3d 1166, 1168 (Wash. 2004). The statute of limitations for WLAD failure to accommodate claims begins to run when the employer informs the employee of its decision not to accommodate. *Albright v. State, Dep't of Soc. & Health Servs. Div. of Developmental Disabilities*, 829 P.2d 1114, 1116 (Wash. Ct. App. 1992), *as corrected* (Aug. 3, 1992).

Here, the statute of limitations on Novelozo's WLAD claim began to run on October 14, 2021, when Port informed him of its decision not to grant his accommodation request. *See* TAC ¶ 15; *see also* Dkt. No. 43 at 34. He filed his lawsuit three years and 94 days later, on January 16, 2025. *See* Dkt. No. 1.

DISMISSAL ORDER - 3

Accordingly, Novelozo's WLAD claim remains time barred, *see* Dkt. No. 38 at 20–21, and is therefore DISMISSED.

### 2.3    Novelozo's Title VII claim fails for failure to exhaust administrative remedies.

Turning to Novelozo's Title VII claim, the Court finds that he has failed to exhaust his mandatory administrative remedies, which is fatal to his claim. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. at 549. "In order to bring a Title VII claim in federal court, a plaintiff must first exhaust their administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001) (citing 42 U.S.C. § 2000e–16(c); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995)). This requires the plaintiff to file a charge of discrimination either with the Equal Employment Opportunity Commission (EEOC) within 180 days *or* with a state or local agency within 300 days after the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).

Novelozo concedes that he did not file a charge with the EEOC or the Washington Human Rights Commission ("WSHRC"). Dkt. No. 44 at 2–3. Instead, he argues that he was "constructively prevented [from] timely EEOC filing." *Id.* But these allegations of Defendant's obstruction are entirely unsupported by the allegations in the TAC. Novelozo claims that he did not go in-person to the EEOC Seattle field office. TAC ¶ 5. Rather, he made "at least four attempts to call" during the day, was placed on hold, and then had to hang up "due to the end of [his] lunch shift, work schedule[] or prior commitments." *Id.* At no point does Novelozo claim that Defendant prohibited him or otherwise obstructed his ability to access the

EEOC office. Even crediting Novelozo's account of EEOC inaccessibility, he never attempted to file with the WSHRC. Novelozo offers no explanation for his failure to avail himself of this alternative. *See Stephens v. UW Med. Hosps. & Clinics*, No. C24-1707-JCC, 2025 WL 860542, at *4 (W.D. Wash. Mar. 19, 2025) ("Plaintiff could and should have sought alternative administrative relief through the … [WSHRC] within the generous 300-day window to do so.").

The Court declines to equitably toll or waive Title VII's administrative requirements when Novelozo "has merely failed to diligently exhaust [his] administrative remedies"—"to find otherwise would defeat the purpose of an administrative requirement." *Stephens*, 2025 WL 860542, at *4.

Accordingly, Novelozo's Title VII failure to accommodate claim is DISMISSED.

## 3. CONCLUSION

In sum, Defendant's motion is GRANTED. The TAC is DISMISSED. Furthermore, because the defects detailed above cannot be saved by further amendment, the dismissal is made WITH PREJUDICE. *See Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, 863 F.3d 1178, 1187 n.5 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1262 (2018) (dismissal upheld where complaint cannot be saved by further amendment).

Dated this 20th day of February, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 5